IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SimpleAir, Inc., a Texas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Google Inc., a Delaware corporation; and YouTube LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No.<br><br>**Jury Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SimpleAir sues Defendants Google and YouTube and on information and belief alleges as follows:

### Introduction

1. Plaintiff SimpleAir owns the inventions described and claimed in U.S. Patent No. 8,601,154 (the '154 patent) and US. Patent No. 8,572,279 (the '279 patent), both entitled "System and Method for Transmission of Data." Defendant Google has infringed these patents by making and using the methods and systems claimed by the patents by developing, offering, operating, using, and putting into service (i) the Gmail, Google+, Google Talk, Google Hangouts, Google Calendar, and YouTube services, (ii) the Google Cloud Message for Chrome service and system; (iii) the Google Cloud Messaging (GCM) service and system, and (iv) the Android Cloud to Device Messaging (C2DM) service and system. Defendant YouTube has infringed the methods claimed by the '154 patent by developing, offering, operating, using, and putting into service the YouTube service. SimpleAir seeks damages for patent infringement.

1

## Jurisdiction and Venue

2. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§271 and 281, *et seq.* The Court has original jurisdiction over this patent infringement action under 28 U.S.C. §1338(a).

3. Venue is proper in this Court because Defendant Google is responsible for acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and has delivered or caused to be delivered infringing services and software in the Eastern District of Texas. In addition, this Court has presided over prior matters relating to the asserted patent:

- *SimpleAir, Inc. v. AWS Convergence Technologies, Inc., et al.*, 2:09-cv-289-CE (E.D. Tex.), in which the Court entered a *Markman* order construing the claims of the parent patents of the '154 and '279 patents;

- *SimpleAir, Inc. v. Microsoft Corporation, et al.*, 2:11-cv-416 JRG (E.D. Tex.), in which the Court entered a *Markman* order construing the claims of the parent patents of the '154 and '279 patents.

## Plaintiff SimpleAir

4. Plaintiff SimpleAir, Inc. ("SimpleAir") is a corporation existing under and by virtue of the laws of the State of Texas. SimpleAir is an inventor-owned technology licensing company with interests and intellectual property in the wireless content delivery, mobile application, and push notification market spaces. SimpleAir's patent portfolio is licensed by many leading technology companies.

## The Patents

5. The United States Patent and Trademark Office issued the '154 patent on December 3, 2013. SimpleAir is the owner of all right, title, and interest in the patent, including all rights to pursue and collect damages for past infringements of the patent. A copy of the '154

patent is attached as Exhibit A.

6.   The United States Patent and Trademark Office issued the '279 patent on October 29, 2013. SimpleAir is the owner of all right, title, and interest in the patent, including all rights to pursue and collect damages for past infringements of the patent. A copy of the '279 patent is attached as Exhibit B.

### Defendant Google

7.   Defendant Google Inc. ("Google") is a Delaware corporation with a principal place of business in Mountain View, California and various other offices and facilities of relevance located throughout the country.

### Defendant YouTube

8.   Defendant YouTube, LLC ("YouTube") is a wholly-owned subsidiary of Google Inc. YouTube is a Delaware limited liability company with a principal place of business in San Bruno, California and various other offices and facilities of relevance located throughout the country.

### First Claim for Patent Infringement ('154 patent)

9.   Plaintiff incorporates by reference each of the allegations in paragraphs 1-8 above and further alleges as follows:

10.  On December 3, 2013, the United States Patent and Trademark Office issued U.S. Patent No. 8,601,154 (the '154 patent), entitled "System and Method for Transmission of Data."

11.  Plaintiff SimpleAir, Inc. is the owner of the '154 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

12.  Each claim of the '154 patent is valid and enforceable.

13.  Defendant Google has directly infringed the claims of the '154 patent by making,

using, operating, and putting into service the Gmail, Google+, Google Talk, Google Hangouts, Google Calendar, and YouTube services and systems, as used in connection with the Google Cloud Messaging (GCM) service, Android Cloud to Device Messaging (C2DM) service, and Google Cloud Messaging for Chrome services to send push notifications to Android smartphones and tablets and Chromebooks.

14. Defendant YouTube has directly infringed the claims of the '154 patent by making, using, operating, and putting into service the YouTube service and system, as used in connection with the Google Cloud Messaging (GCM) service, Android Cloud to Device Messaging (C2DM) service, and Google Cloud Messaging for Chrome services to send push notifications to Android smartphones and tablets and Chromebooks.

15. Plaintiff SimpleAir has been damaged by Google's infringement of the '154 patent.

16. Plaintiff SimpleAir demands trial by jury of all issues relating to this claim.

17. SimpleAir reserves the right to amend to assert a claim of willful infringement if the evidence obtained in discovery supports such assertion.

### **Second Claim for Patent Infringement ('279 patent)**

18. Plaintiff incorporates by reference each of the allegations in paragraphs 1-8 above and further alleges as follows:

19. On October 29, 2013, the United States Patent and Trademark Office issued U.S. Patent No. 8,572,279 (the '279 patent), entitled "System and Method for Transmission of Data."

20. Plaintiff SimpleAir, Inc. is the owner of the '279 patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

21. Each claim of the '279 patent is valid and enforceable.

4

22.     Defendant Google has directly infringed the claims of the '279 patent by making, using, operating, and putting into service the Google Cloud Messaging (GCM), Android Cloud to Device Messaging (C2DM), and Google Cloud Messaging for Chrome services and systems.

23.     Plaintiff SimpleAir has been damaged by Google's infringement of the '279 patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Google is enjoined from continuing to infringe.

24.     Plaintiff SimpleAir demands trial by jury of all issues relating to this claim.

25.     SimpleAir reserves the right to amend to assert a claim of willful infringement if the evidence obtained in discovery supports such assertion.

**WHEREFORE**, Plaintiff prays for judgment as follows:

A.     Compensatory damages for Defendant Google's infringement of the '154 and '279 patents;

B.     Pre-judgment interest; and

C.     For such other relief as justice requires.

Date:  January 8, 2014                              Respectfully submitted,

By: /s/ *Jeff Eichmann*
John Jeffrey Eichmann
CA State Bar No. 227472
(admitted to practice before the U.S. District Court for the Eastern District of Texas)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069
Email: jeff@dovellaw.com

S. Calvin Capshaw
State Bar No. 03783900
Email: ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585

Email:  ederieux@capshawlaw.com
Capshaw DeRieux LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787

ATTORNEYS FOR PLAINTIFF
SIMPLEAIR, INC.