IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SIMPLEAIR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14-cv-00011-JRG |
| | ) | |
| GOOGLE INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| and | ) | |
| | ) | |
| YOUTUBE LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| SIMPLEAIR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:13-cv-00937-JRG |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| GOOGLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANTS' SURREPLY CLAIM CONSTRUCTION BRIEF

**TABLE OF CONTENTS**

**Page**

I. *INFORMATION GATEWAY* TERMS (ALL CLAIMS) ....................................................... 1

II. *TRANSMISSION GATEWAY* TERMS (ALL CLAIMS) ..................................................... 2

III. *ONLINE OR OFFLINE FROM A DATA CHANNEL* (ALL CLAIMS) ............................. 3

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Allen Eng'g Corp. v. Bartell Indus.*,
   299 F.3d 1336 (Fed. Cir. 2002)...................................................................................4

*Cohesive Techs., Inc. v. Waters Corp.*,
   543 F.3d 1351 (Fed. Cir. 2008)...................................................................................3

*Interval Licensing LLC v. AOL Inc.*,
   766 F.3d 1364 (Fed. Cir. 2014)...................................................................................3

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
   572 U.S. __, 134 S. Ct. 2120 (2014).................................................................2, 3, 4

*New Hampshire v. Maine*,
   532 U.S. 742 (2001)....................................................................................................2

*Organic Seed Growers & Trade Ass'n. v. Monsanto Co.*,
   718 F.3d 1350 (Fed. Cir. 2013)...................................................................................2

*Starhome GmbH v. AT&T Mobility LLC*,
   743 F.3d 849 (Fed. Cir. 2014).....................................................................................1

*Vantage Point Tech., Inc. v. Amazon.com, Inc.*,
   No. 2:13-CV-909-JRG, 2015 WL 575167 (E.D. Tex. Feb. 11, 2015) .......................1

*Welker Bearing Co. v. PHD, Inc.*,
   550 F.3d 1090 (Fed. Cir. 2008)...................................................................................1

## NOTE ON CITATIONS

- References to *SimpleAir, Inc.'s Reply Claim Construction Brief* (Dkt. No. 82) are indicated by the abbreviation "Reply Br.," followed by the page number being cited. "Reply Br. 5" therefore refers to page 5 of SimpleAir's Reply Brief.

- References to *Defendants' Responsive Claim Construction Brief* (Dkt. No. 76) are indicated by the abbreviation "Resp. Br.," followed by the page number being cited.

- References to the Court's May 20, 2013 Memorandum Opinion and Order in Case No. 2:11-cv-0416-JRG (hereinafter "*SimpleAir I*"), Dkt. 379, which was attached as Exhibit 4 to SimpleAir's Opening Brief, are referred to as "*SA1 Markman*."

- References to the Court's September 2, 2011 Memorandum Opinion and Order in Case No. 2:09-CV-289-CE, Dkt. 240, which was attached as Exhibit 5 to SimpleAir's Opening Brief, are referred to as "*AWS Markman*."

- References to the February 18, 2015 Deposition of James Knox, excerpts of which were attached as Exhibit 1 to Defendants' Responsive Brief, are referred to by "Knox" followed by the page and line numbers.

- References to the January 9, 2013 Deposition of James Knox in *SimpleAir I*, excerpts of which are attached as Exhibit 1, are referred to by "*SimpleAir I* Knox" followed by the page and line numbers.

- References to the patents-in-suits are indicated by column and line number, or by claim number. Since the two patents share substantially identical specifications, all references are to the specification of the '279 patent unless otherwise stated. A reference to "3:15-17" therefore means column 3, line 15 through line 17 of U.S. Patent No. 8,572,279, which was attached as Exhibit 1 to SimpleAir's Opening Brief.

Defendants disagree with the positions taken by SimpleAir throughout its *Markman* briefs and will address those at the hearing. This sur-reply addresses certain new arguments as well as misstatements in SimpleAir's reply brief in order to clarify the record.

I. *INFORMATION GATEWAY* TERMS (ALL CLAIMS)

In its reply, SimpleAir contends that Google "presented no argument that 'information gateway' is subject to section 112, ¶ 6." (Reply Br. 6.) This ignores the lengthy explanation in Google's Responsive Brief (17-18) that demonstrates that the "information gateway" is described exclusively in terms of the functions it performs ("build data blocks from the parsed data and assign addresses to the data block") and provides no "structural context for determining the characteristics of the [information gateway] other than to describe its function." *Welker Bearing Co. v. PHD, Inc.*, 550 F.3d 1090, 1095-1096 (Fed. Cir. 2008); *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, No. 2:13-CV-909-JRG, 2015 WL 575167, at *17 (E.D. Tex. Feb. 11, 2015) (requiring "significantly probative evidence that [the term at issue] has a structural meaning").

Notably, SimpleAir does not dispute that "information gateway" has no corresponding structure in the specification. Instead, SimpleAir merely alleges that a "gateway" itself is a "noun with structural connotations" – in particular, "a connection between different networks." (Reply Br. 6-7 (quoting *Starhome GmbH v. AT&T Mobility LLC*, 743 F.3d 849, 856 (Fed. Cir. 2014).) First, this is inaccurate – even in the extrinsic sources cited by SimpleAir, a "gateway" is simply software that performs the enumerated function(s).[1] Additionally, SimpleAir's citation to extrinsic definitions of "gateways" is directly contradictory to the position it espoused in *SimpleAir I*, that an "information gateway" does *not* connect two or more different networks. (*SA1 Markman* 32.) The Court agreed with SimpleAir and found that "though Defendants point

---

[1] "Software" alone, absent specific algorithms, cannot provide sufficient structure under § 112(6). (Resp. Br. 16.)

1

to extrinsic evidence for the proposition that 'gateway' as known in the art may connect different networks, the intrinsic record demonstrates that within the patents, the ***term 'gateway' is used in a broader context*** that includes connections between different software components." (*SA1 Markman* 34 (emphasis added).) Having prevailed on the issue in the prior litigation, SimpleAir is estopped as a matter of law from now taking a contrary position. *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001); *Organic Seed Growers & Trade Ass'n. v. Monsanto Co.*, 718 F.3d 1350, 1358 (Fed. Cir. 2013). This is particularly true because nothing in SimpleAir's construction, which simply recites "one or more software programs" that perform the functional steps required by the rest of the claim language, comports with the alleged "structure" it contends is reflected in the extrinsic evidence. (Resp. Br. 16-18.) Since the "information gateway" terms are purely functional and SimpleAir does not dispute that there is no corresponding structure in the specification, the claims must be held indefinite.

## II. *TRANSMISSION GATEWAY* TERMS (ALL CLAIMS)

SimpleAir relies on a legal standard expressly rejected in *Nautilus*. It argues that because one skilled in the art "would understand the term to have the meaning set forth in the Court's prior construction," the claim must be definite. (Reply Br. 8.) But the Supreme Court has made clear that "[i]t cannot be sufficient that a court can ascribe *some* meaning to a patent's claims . . . ." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. __, 134 S. Ct. 2120, 2124 (2014) (emphasis in original). Thus, that this Court may have been able to discern "some reasonable meaning" to the claim language does not show the definiteness of the claims. *Id*. at 2130 n.9.[2]

---

[2] Likewise, SimpleAir's contention that "this definition," i.e. the prior construction, is not indefinite misses the mark. (Reply Br. 8.) A court looks to whether the ***claims*** are indefinite. *Nautilus*, 134 S. Ct. at 2124.

SimpleAir does not dispute that "transmission gateway" has no plain meaning and does not appear in either the intrinsic or extrinsic evidence.[3] (Resp. Br. 19.) Moreover, the only alleged embodiment is directed to a wireless gateway, which SimpleAir maintains does not define the scope of the term.[4] (*SA1 Markman* 39.) Since there is no evidence in the record that a person of skill in the art could discern the bounds of the claims "with reasonable certainty," the "transmission gateway" terms are indefinite.[5]

### III.   *ONLINE OR OFFLINE FROM A DATA CHANNEL* (ALL CLAIMS)

In its reply, SimpleAir does not deny Defendants' points that under SimpleAir's construction (1) a device receiving information is always **both** "online" from "one or more communication channels or paths" and at the same time "offline" from "one or more communication channels or paths," and (2) the jury would have no identification of which of these "channels or paths" matters for determining infringement. (*See* Resp. Br. 26.) Instead, in an effort to avoid a finding of indefiniteness, SimpleAir changes its position and now says "[t]he connection for determining whether a device is online or offline from an associated data channel must be a connection to a data channel to the information source that sent the data through the central broadcast server." (Reply Br. 11.) Thus, SimpleAir asks the Court to replace "a data channel" as recited in the claims with a connection to the information source that sent the notification. But that is not what the claims say.

---

[3]  Defendants do not argue that is the standard for indefiniteness as SimpleAir contends. (Reply Br. 8.)

[4]  Also, SimpleAir's expert asserts there are innumerable (potentially "infinite") variations of the transmission gateway not captured by the disclosed embodiment. (Knox 190:10-191:1.) This indeterminate difference in scope between "transmission gateway" and the disclosed embodiment is the very "zone of uncertainty" prohibited by *Nautilus* and *Interval Licensing LLC v. AOL Inc.*, 766 F.3d 1364, 1373-74 (Fed. Cir. 2014). It makes no difference that *Interval Licensing* addressed a term of degree. As here, the term had no plain meaning and was not limited to the sole example in the specification.

[5] SimpleAir's citation to *Cohesive Techs., Inc. v. Waters Corp.*, 543 F. 3d 1351, 1360 (Fed. Cir. 2008) is instructive. There, the Federal Circuit found that because the ordinary meaning of "rigid" does not require monomeric particles, the "rigid . . . particles" limitation encompassed rigid polymeric particles. *Id.* Here, "transmission gateway" ***has no ordinary meaning***, and thus a person of skill could not discern its additional scope.

3

SimpleAir's new position is unsupported and inconsistent with its earlier construction. SimpleAir cites no evidence that the recited "data channel" must be a path to the information source that sent the data through the central broadcast server—nor could it, because the specification never uses the term "a data channel."[6] Nor does SimpleAir point to any evidence to support its contention these limitations "have utility only because" data from an information source is sent to a device even when it "is not online to that information source," *id.* at 12—nor could it, because the specification says nothing about being "not online *to that information source*." The specification says only that data is sent to a device "even while it is off-line (i.e. not connected to the Internet or some other on-line service.)" (*SA1 Markman* 16.) SimpleAir's *post hoc* re-drafting is prohibited by law. *Allen Eng'g Corp. v. Bartell Indus.*, 299 F.3d 1336, 1349 (Fed. Cir. 2002). Rather, *Nautilus* requires the claims be held indefinite. 134 S. Ct. at 2129.

For the first time in any of its litigations, SimpleAir now argues that "connection 22" in Fig. 1 is "an embodiment of a data channel."[7] (Reply Br. 12 n. 15.) Aside from being untimely, SimpleAir's new construction should be rejected because it is inconsistent with its previous position.[8] And, by pointing to "connection 22" as the "data channel," SimpleAir now agrees with Defendants that a data channel is different from the path between the remote device and the receiver. If the Court does not find the claims indefinite, it should hold that the data channel must be a different path from the one through the receiver. (*See* Resp. Br. 26 n. 30.)

---

[6] SimpleAir states without argument that "[a]ll of the cited portions support [SimpleAir's] construction" (Reply Br. 11), but does not dispute Defendants' detailed explanations of why they do not. (Resp. Br. 27.)

[7] SimpleAir's reliance on "connection 22" fails for the same reason as before: there is nothing in the specification to link "connection 22" to "a data channel" or to what it means to be "online or offline from a data channel."

[8] *See, e.g., SimpleAir I* Knox 105:3-13 ("Q. Would you be able to point out or describe, in connection with [Fig. 1], where a data channel is? A. *Figure 1 is not showing these data channels* because the data channels themselves are the relationship between the Internet online services or information providers and the remote computing device.") (objections omitted, emphasis added).

DATED: March 26, 2015					QUINN EMANUEL URQUHART & SULLIVAN, LLP

							By   */s/ Charles K. Verhoeven*

    J. Mark Mann
    State Bar No. 12926150
    G. Blake Thompson
    State Bar No. 24042033
    MANN | TINDEL | THOMPSON
    300 West Main Street
    Henderson, Texas 75652
    (903) 657-8540
    (903) 657-6003 (fax)

    QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Charles K. Verhoeven
      charlesverhoeven@quinnemanuel.com
    Michelle A. Clark
      michelleclark@quinnemanuel.com
    50 California Street, 22nd Floor
    San Francisco, California  94111-4788
    Telephone: (415) 875-6600
    Facsimile: (415) 875-6700

    Patrick D. Curran
      patrickcurran@quinnemanuel.com
    51 Madison Avenue, 22nd Floor,
    New York, New York 10010
    Telephone: (212) 849-7000
    Facsimile: (212) 849-7100

    *Attorneys for Defendants Google and YouTube*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 26, 2015.

                                              */s/ Jason L. Liu*

                                              Jason L. Liu