# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SimpleAir, Inc.,<br><br>   Plaintiff,<br><br>v.<br><br>Google Inc., et al.,<br><br>   Defendants. | Civil Action No. 2:14-cv-11-JRG<br>**Lead case** |
| SimpleAir, Inc.,<br><br>   Plaintiff,<br><br>v.<br><br>Google Inc.,<br><br>   Defendant. | Civil Action No. 2:13-cv-937-JRG<br>**Consolidated case** |

**Order Granting Joint Motion To Amend The Docket Control Order**

BEFORE THE COURT is the Joint Motion to Amend the Docket Control Order. Having reviewed this Motion (Dkt. No. 189), the Court finds it is well taken and should be GRANTED.

IT IS FURTHER ORDERED that Docket Control Order is amended as follows:

| | |
|---|---|
| October 13, 2015 | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| September 9, 2015 | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before |
| September 4, 2015 | File Sur-replies to Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions) |
| August 27, 2015 | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |

| | |
|---|---|
| August 25, 2015 | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, and Responses to Motions *in Limine.* |
| August 24, 2015 – 12:00 p.m. | File Replies to Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions). |
| August 18, 2015 | *File Notice of Request for Daily Transcript or Real Time reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| August 18, 2015 | Serve Objections to Rebuttal Pretrial Disclosures |
| August 13, 2015 | File Responses to Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions) |
| August 11, 2015 | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| August 11, 2015 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| July 27, 2015 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| July 27, 2015 | *File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| July 25, 2014 | Deadline to Complete Expert Discovery |
| July 17, 2015 | Deadline to Complete Mediation<br><br>The parties are responsible for ensuring that a mediation report is filed no later than 5 days after the conclusion of mediation. *See* L.R. App. H. |

| July 13, 2015 | Serve Disclosures for Rebuttal Expert Witnesses |
| --- | --- |
| June 5, 2015 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| June 12, 2015 | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| May 22, 2015 | *Deadline to File Letter Briefs Regarding Dispositive Motions |
| April 15, 2015 | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| April 2, 2015 | Claim Construction Hearing – 1:30 p.m. in **Marshall, Texas** |
| March 18, 2015 | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| March 11, 2015 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| March 11, 2015 | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| February 27, 2015 | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| February 6, 2015 | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any) |

(*) indicates a deadline that cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Notice of Mediator**: The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached. If the parties do not reach an agreement, the Court will appoint a mediator. The parties should not file a list of mediators to be considered by the Court.

**Summary Judgment Motions**: Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than the deadline for filing letter briefs. Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted. Letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

**Indefiniteness**: In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motions for Continuance**: The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a) The fact that there are motions for summary judgment or motions to dismiss pending;

(b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**So Ordered and Signed on this**

**Jul 23, 2015**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE