IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SIMPLEAIR, INC. | § | |
| *Plaintiff*, | § § § | |
| v. | § § | Case No. 2:14-cv-11 |
| GOOGLE INC., et al. | § § | |
| *Defendants.* | § | |

## ORDER DENYING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

Before the Court is the Plaintiff's Motion for Summary Judgment on Defendants' affirmative defenses of (1) a license, and (2) exhaustion/implied license (Mot., Dkt. No. 203). Defendants Google Inc., et al. ("Google") oppose the Motion (Resp., Dkt. No. 214). For the following reasons, Plaintiff's Motion for Summary Judgment is **DENIED**.

### BACKGROUND

SimpleAir, Inc. ("SimpleAir") and Google have previously been involved in litigation in this Court. In 2011, SimpleAir accused Google of infringement of at least U.S. Patent No. 7,035,914 (the parent '914 patent). A jury returned a verdict finding that Google's accused services infringed the parent '914 patent and that Google was liable for $85 million in damages. *SimpleAir, Inc. v. Microsoft Corp. et al.*, No. 2:11-cv-416 (*SimpleAir I*). The judgment from *SimpleAir I* is currently being appealed to the Federal Circuit. It is undisputed that Google has not yet paid such judgment.

The present case concerns two patents which stem from the parent '914 patent—U.S. Patent No. 8,572,279 (the '279 patent) and U.S. Patent No. 8,601,154 (the '154 patent). In the present case, SimpleAir accuses the same GCM services of infringement as it did in *SimpleAir I*.

Both parties are in agreement that once Google pays the judgment in the prior *SimpleAir I* case, both Defendants will have a license to at least one of the patents-in-suit for the time period covered by the *SimpleAir I* judgment, which runs to December 31, 2013. (Resp. at 1.)

## APPLICABLE LAW

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). Summary judgment is proper when there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party must identify the basis for granting summary judgment and identify the evidence demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Since the movant bears the burden of proof on an issue at trial, then the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant [summary] judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

## DISCUSSION

SimpleAir contends that three *undisputed facts* resolve the issue in their favor. First, SimpleAir argues that "Defendants have not identified any viable theory under which they have a license or implied license or SimpleAir's patent rights are exhausted." (Mot. at 1.) Second, SimpleAir argues that "Defendants have not identified any evidence to support a viable license or exhaustion defense." (Mot. at 1.) Third, SimpleAir argues that "Defendants' experts have not offered any opinion that Google or YouTube are licensed under any SimpleAir patent or that

SimpleAir's patent rights are exhausted as to Google or YouTube, nor any opinion that would support a viable theory of license or patent exhaustion." (Mot. at 1.)

Google argues that *undisputed fact* number one is very much disputed, citing to its interrogatory response. (Resp. at 3.) Google argues that *undisputed fact* number two is also disputed. (*Id.*) Finally, Google argues that *undisputed fact* number three—while undisputed—is irrelevant. (*Id.* at 4.) The Court addresses each argument in turn.

### A. Defendants Identified a Theory Under Which They Have a License or Implied License

SimpleAir first argues that Google has not put forth a theory under which they have a license or an implied license. (Mot. at 1.) The Court disagrees. In Google's first Supplemental Response to Common Interrogatory No. 4, Google identifies a license theory and an implied license theory based at least on the *SimpleAir I* judgment. (Mot., Exh. A at 66–67.); *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617 (2008). The fact that the condition precedent for such a theory has not yet been met—i.e., that Google has not yet paid the judgment—does not render Google's theory ripe for disposition at summary judgment.

### B. Google has Identified Evidence Pertaining to a License or Exhaustion Defense

SimpleAir argues that Google has no evidence to support its license or exhaustion defense. (Mot. at 1.) The Court disagrees. In the same interrogatory response as noted above, Google identified that SimpleAir has licenses with content providers, such as Facebook, that could plausibly give rise to a patent exhaustion defense. (Mot., Exh. A at 66–67.) Google also identified the *SimpleAir I* judgment as evidence of their potential license. (*Id.*)

### C. Neither Party Disputes that Google's Experts Did Not Opine on these Affirmative Defenses

Neither party disputes that Google's expert(s) did not opine on the particular issue before the Court. However, SimpleAir never alleges that such expert opinion would be required. Accordingly, under these particular and limited circumstances, the Court does not find this to be pertinent.

### CONCLUSION

The moving party must identify the basis for granting summary judgment and identify the evidence demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. SimpleAir has not carried its burden and has not identified the basis for granting summary judgment. For the foregoing reasons, then, Plaintiff has failed to meet its burden that it is entitled to summary judgment on the issue of Defendants' Affirmative Defenses. Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 203) is **DENIED**.

**So ORDERED and SIGNED this 25th day of September, 2015.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE