# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SIMPLEAIR, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:14-CV-00011-JRG |
| GOOGLE INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff SimpleAir, Inc.'s (SimpleAir) Motion to Strike or Otherwise Preclude Testimony from Defendants' Non-Infringement Expert Dr. Stephen Wicker. ("Mot.", Dkt. No. 195.) Defendants Google, Inc. ("Google") and YouTube, LLC ("YouTube") (collectively, "Defendants") oppose the motion. ("Resp.", Dkt. No. 221.) The Court heard argument on September 11, 2015. For the reasons set forth below, the Plaintiff's motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

At the outset, the Court notes that the Court explicitly asked the parties whether there were any potential *O2 Micro* issues at the September 9, 2015 hearing. (Hr'g Tr. 11:14–15, Dkt. No. 284.) *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351 at 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute."). Neither party gave a direct answer nor took the opportunity to raise any potential claim construction disputes at the September 9, 2015 hearing. (Hr'g Tr.) In response to the Court's inquiry, counsel for Defendants stated that

1

"there may be *O2 Micro* problems, although we'll wait to see if…SimpleAir has perhaps changed their position." (Hr'g Tr. 11:18–20.) Counsel for Plaintiff never directly addressed the Court's inquiry. Despite this silence, the parties' briefing suggests a dispute exists regarding the proper scope of the system claims of the '279 patent.

## LEGAL STANDARD

"The admissibility of expert testimony is governed by the Federal Rules of Evidence and the principles laid out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)." *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328 (Fed. Cir. 2014).

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. In other words, "[u]nder [the Federal Rules] and precedent, a district court judge, acting as a gatekeeper, may exclude evidence if it is based upon unreliable principles or methods, or legally insufficient facts and data." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1314 (Fed. Cir. 2014), *rev'd on other grounds by Williamson v. Citrix Online, LLC,* No. 2013-1130, 2015 WL 3687459, at *6 (Fed. Cir. June 16, 2015) (en banc in part).[1]

"A [district] judge must be cautious not to overstep its gatekeeping role and weigh facts, evaluate the correctness of conclusions, impose its own preferred methodology, or judge credibility, including the credibility of one expert over another," *Apple Inc.*, 757 F.3d at 1314. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the

---

[1] Because of the somewhat unwieldy subsequent history of this case, in later portions of this Order, the Court will cite to *Apple Inc. v. Motorola, Inc.* without the subsequent history.

burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993); *see also i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010) ("*Daubert* and Rule 702 are safeguards against unreliable or irrelevant opinions, not guarantees of correctness."); *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002) ("The trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note).

## ANALYSIS

Plaintiff presents arguments to strike three opinions contained in Dr. Wicker's non-infringement report. The following opinions will be addressed in turn: (1) Dr. Wicker's opinions asserting that "Google Does Not Make, Use, Sell, or Control the Entire System"; (2) Dr. Wicker's opinions comparing SimpleAir's '426 and '614 patents with the asserted patents; and (3) Dr. Wicker's opinions regarding Google's own patents.

### A. Dr. Wicker's "Make, Use, Sell, or Control" Opinions

#### 1. Parties' Arguments

In his report, Dr. Wicker asserts that Google does not directly infringe the asserted claims of the '279 patent when the accused system transmits messages from third parties, because Google does not make, use, sell, or control the entire system. (Exh.1 to Mot., at 101–108.) Claim 1 of the '279 patent provides as follows:

**1.** A system to transmit data from an information source to remote computing devices, the system comprising:

    a central broadcast server configured to receive data from at least one information source and process the received data with at least one parser;

    an information gateway communicatively coupled to the central broadcast server, the information gateway configured to build data blocks from the parsed data and assign addresses to the data blocks;

    a transmission gateway communicatively coupled to one or both of the central broadcast server and the information gateway, the transmission gateway configured to prepare the addressed data blocks for transmission to receivers communicatively coupled to the remote computing devices and initiate transmission of the addressed data blocks to the receivers, wherein the transmission is made whether the remote computing devices are online or offline from a data channel associated with each remote computing device.

Plaintiff offers three arguments to support its motion to strike this opinion. First, Plaintiff asserts that the "information source," "receiver communicatively coupled to a remote computing device," and "remote computing devices" recited in the claim are terms included in limitations, and not components, of the claimed system. (Mot. at 2–4.) Second, Plaintiff argues that, regardless of whether the aforementioned terms recited by limitations of the claimed system are actually components, an accused infringer need not make, sell, or control each individual component of the claimed system. (Mot. at 4.) Finally, Plaintiff argues that Dr. Wicker never asserts that Google does not, in fact, make, sell or use the GCM system as a whole. (Mot. at 5.)

Defendants wholly disagree. Defendants first argue that the preamble is limiting and that the recited "information source" is thus a required element of the asserted claims. (Resp. at 2.) Defendants also contend that Google does not use the entire claimed system in the situation when their system is used by third-party application providers. (Resp. at 6.)

## 2. Court's Analysis

As an initial matter, the Court finds that there are no oustanding *O2 Micro* problems. The Court notes that not every term in a claim limitation identifies a separate component that must be present in the claimed system. *See Summit 6, LLC v. Samsung Electronics Co., Ltd.*, Nos. 2013–1648, 2013–1651, 2015 WL 5515331, at *5 (Fed. Cir. Sept. 21, 2015) (describing a claim limitation as "not a step in the same method," but instead "a phrase that characterizes [an item of the claimed method]"). Thus, to the extent that a dispute exists regarding the proper scope of the asserted claims of the '279 patent, the Court finds that the identified terms recited within the claim limitations here are not components of the claimed system. *Id.* Defendants' conclusion that terms such as "information sources" are elements of the asserted claims relies upon the assumption that the preamble is limiting. (Resp. at 2.) Any opinion which requires such an assumption is contrary to the Court's claim construction order. (Dkt. No. 107.) Thus, the Court **GRANTS** Plaintiff's request to strike Dr. Wicker's opinions asserting that "Google Does Not Make, Use, Sell, or Control the Entire System."

## B. Dr. Wicker's Opinions Comparing SimpleAir's '426 and '614 Patents With the Asserted Patents

Pursuant to the parties' Joint Notice of Disputes Resolved, SimpleAir has withdrawn its challenge as to this portion of Dr. Wicker's report. (Dkt. No. 277.) Accordingly, the Court **DENIES** Plaintiff's request to strike Dr. Wicker's opinions comparing SimpleAir's '426 and '614 patents with the asserted patents as **MOOT**.

## C. Dr. Wicker's Opinions Regarding Google's Patents

### 1. Parties' Arguments

In his report, Dr. Wicker opines on patents filed by Google engineers who worked on the GCM system. (Exh. 1 to Mot., at 76–78.) He also elaborates on other alleged Google

innovations. (*Id.*) Plaintiff moves to strike these opinions as irrelevant because Google produced no expert analysis demonstrating that these patents are actually practiced by a Google product or service relevant to this case. (Mot. at 10.) Plaintiff contends that introducing evidence of Google's own patents without this expert analysis could mislead the jury. (*Id.*)

Defendants argue that Google is "entitled to show that its own unaccused innovations contributed to the GCM system" and that "it was issued several patents arising from that relevant work." (Resp. at 11.) Further, Defendants assert that these patents will be relevant to rebutting SimpleAir's damages theory. (*Id.* at 12.)

### 2. Court's Analysis

The Court believes that this issue goes to the weight of the evidence, not its admissibility. SimpleAir does not challenge the fact that the same engineers who worked on the GCM system are the named inventors on the Google patents about which Dr. Wicker opines. SimpleAir will have the opportunity to cross-examine Dr. Wicker about Google's actual use of these claimed inventions. Thus, the Court **DENIES** Plaintiff's request to strike Dr. Wicker's opinions regarding Google's own patents.

## CONCLUSION

Consistent with the opinion above, the Court **GRANTS** Plaintiff's request to strike Dr. Wicker's opinions asserting that "Google Does Not Make, Use, Sell, or Control the Entire System." The Court **DENIES** Plaintiff's request to strike Dr. Wicker's opinions comparing SimpleAir's '426 and '614 patents with the asserted patents as **MOOT**. The Court **DENIES** the Plaintiff's request to strike Dr. Wicker's opinions regarding Google's own patents.

**So Ordered and Signed on this**

**Oct 5, 2015**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE