IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| *SimpleAir, Inc.* | § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 2:14-CV-11 |
| *Google Inc.*, et al. | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Exclude the Opinions of Mr. Mills filed by the Defendants Google Inc., et al. ("Mot.," Dkt. No. 202.) The Plaintiff opposes the motion. ("Resp.," Dkt. No. 213.) For the reasons set forth below, the Defendants' motion is **GRANTED-IN-PART** to the extent specified below and is otherwise **DENIED**.

### LEGAL STANDARDS

"The admissibility of expert testimony is governed by the Federal Rules of Evidence and the principles laid out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)." *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328 (Fed. Cir. 2014).

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. In other words, "[u]nder [the Federal Rules] and precedent, a district court judge, acting as a gatekeeper, may exclude

evidence if it is based upon unreliable principles or methods, or legally insufficient facts and data." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1314 (Fed. Cir. 2014), *rev'd on other grounds by Williamson v. Citrix Online, LLC,* No. 2013-1130, 2015 WL 3687459, at *6 (Fed. Cir. June 16, 2015) (en banc in part).[1]

"A [district] judge must be cautious not to overstep its gatekeeping role and weigh facts, evaluate the correctness of conclusions, impose its own preferred methodology, or judge credibility, including the credibility of one expert over another," *Apple Inc.*, 757 F.3d at 1314. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993); *see also i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010) ("*Daubert* and Rule 702 are safeguards against unreliable or irrelevant opinions, not guarantees of correctness."); *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002) ("The trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note).

---

[1] Because of the somewhat unwieldy subsequent history of this case, in later portions of this Order, the Court will cite to *Apple Inc. v. Motorola, Inc.* without the subsequent history.

**ANALYSIS**

The Defendants put forth three main arguments, which will be addressed in turn: (1) the Defendants argue that Mr. Mills' opinion should be excluded because he relies on the wrong hypothetical negotiation date; (2) the Defendants argue that Mr. Mills' opinions should be excluded because he used phones instead of applications as his unit of analysis for royalties; and (3) the Defendants argue that Mr. Mills' opinion should be excluded because he used one consumer survey over that of another.

**A. Mr. Mills' Opinion Does Not Rely On an Incorrect Hypothetical Negotiation Date**

**1. Parties' Arguments**

This case concerns two patents—U.S. Patent No. 8,572,279 (the '279 patent) and U.S. Patent No. 8,601,154 (the '154 patent), which both stem from a parent patent—U.S. Patent No. 7,035,914 (the parent '914 patent).

The Defendants argue that Mills' damages opinion should be excluded because he uses a hypothetical negotiation date of October 2013 instead of May 2010. (Mot. at 6.) The Defendants acknowledge that Mills used a hypothetical negotiation date of October 2013 because that is the month in which the earlier of the two patents-in-suit was issued. (Mot. at 3–4.) The Defendants also agree with the Plaintiff that because the patents-in-suit belong to the same family of patents, SimpleAir and Google would have negotiated a single license for both of the patents-in-suit. (Mot. at 4.) However, Defendants argue that under this logic, the hypothetical negotiation date should be pushed back to the hypothetical date that would have taken place if the ''914 parent patent was also a patent-in-suit, which would be May 2010. (Mot. at 5.)

The Plaintiff disagrees with Defendants and believes that a hypothetical negotiation date of May 2010 is not proper. Citing to *Applied Medical Research Corp. v. U.S. Surgical Corp.*, 435 F.3d 1356, 1363–64 (Fed. Cir. 2006), the Plaintiff argues that the Court must evaluate

damages based on a hypothetical negotiation at the time that infringement began, not an earlier date. Therefore, according to the Plaintiff, the hypothetical negotiation date is the date that Defendants began allegedly infringing the claims of the patents-in-suit, not the date that Defendants began infringing some other patent. (Resp. at 1.)

### 2. Court's Analysis

The Court agrees with the Plaintiff. Given that the jury will not be asked to determine whether Defendants infringed the parent '914 patent, it would be inappropriate to use the date that Defendants began infringing the '914 patent as the date of the hypothetical negotiation. Instead, the date of the hypothetical negotiation should be tied to the date of infringement of the patents-in-suit. *Applied Med. Res. Corp.*, 435 F.3d at 1363; *Wang Labs., Inc. v. Toshiba Corp.*, 993 F.2d 858, 869 (Fed. Cir. 1993) (hypothetical negotiation date is "when both a patent had issued and accused products were sold"). Defendants' arguments and citations to the contrary are unavailing. All other arguments from the Defendants concerning the hypothetical negotiation date are rejected.

## B. Mr. Mills Does Not Rely on the Entire Market Value of the Phones

### 1. Parties' Arguments

Defendants argue that Mr. Mills' damages opinions are inadmissible because he used phones, instead of applications, as his unit of analysis for royalties without meeting the test of consumer demand from *LaserDynamics*. (Mot. at 7.) Defendants also argue that by relying on a consumer-willingness-to-pay survey based on phones, Mr. Mills disagrees with Plaintiff's infringement expert who opines that the activity accused of infringement occurs when Google's GCM system transmits messages to the phones that run the applications capable of receiving messages. (Mot. at 8.) In this, Defendants argue that the proper value to be apportioned is application revenue, not phone revenue. (Mot. at 10.)

4

The Plaintiff disagrees with the Defendants' assessment. The Plaintiff argues that Mr. Mills isolated the value of the patented invention by using the conjoint survey conducted by Plaintiff's survey expert to determine the incremental benefit from using Plaintiff's patented technology as compared to Defendants' next best non-infringing alternative. (Resp. at 5.) Plaintiff argues that Mr. Mills deducted the costs to the Defendants of providing the allegedly infringing service and determined the average incremental profit per Android device resulting from the Defendants' alleged infringement. (Resp. at 6.) Plaintiff argues that Mr. Mills then evaluated how this profit would be divided in the context of the hypothetical negotiation. (Resp. at 6.) As a result, the Plaintiff argues that Mr. Mills' methodology does not trigger the entire market value rule. (Resp. at 7–8.) Lastly, the Plaintiff argues that Mr. Mills' selection of his estimation benchmark—using "phones" instead of "applications"—is not a valid *Daubert* attack. Instead, the Plaintiff argues that whether the expert used the most perfect method of estimation of the value of the patent is best left for cross examination.

   2. Court's Analysis

The Court agrees-in-part with the Plaintiff and agrees-in-part with the Defendants. First, the Court agrees with the Defendants that "overall product revenues cannot help but skew the damages horizon for the jury." (Mot. at 10, quoting *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 67–68 (Fed. Cir. 2012). Thus, the Court **GRANTS-IN-PART** the Defendants' request to exclude such "overall product revenue" from reaching the jury.

However, the Court agrees with the Plaintiff's assessment that the entire market value rule is not invoked by Mills' methodology. Plaintiff neither seeks to apply the test from *LaserDynamics*, nor seeks to reap the benefits of meeting such a test. Instead, Mr. Mills isolates the value of patented feature, separates it from the value of the unpatented features, subtracts any costs attributable to Google, and then uses the *Georgia-Pacific* factors to estimate how the

5

Plaintiff and Defendants would split any such incremental profit at the hypothetical negotiation table. This methodology does not invoke the entire market value rule.

Next, the Court finds that Defendants' disagreements concerning Mills' use of phones, instead of applications, as a measure of estimation of the incremental benefit of the patented invention goes to the weight of the testimony, not its admissibility. As Defendants acknowledge, neither phones nor applications completely practice the invention, which encompass more, including "components extrinsic to both the phones and their applications, such as a 'central broadcast server,' 'information gateway,' and 'transmission gateway.'" (Mot. at 9–10.) Therefore, it is not inherently improper for Mills to estimate the value of the patented invention by using a unit smaller than that which practices the invention. Whether some other unit would provide a more perfect estimation of value goes to the weight of the evidence, not its admissibility.

### C. Defendants' Disagreements with Mr. Mills Opinions Regarding the Selection of His Survey Go to the Weight of the Evidence, Not Admissibility

#### 1. Parties' Arguments

Defendants argue that Mr. Mills' opinions should be excluded because they are based on a 2015 survey instead of a 2012 survey that, according to the Defendants, "yielded less favorable results." (Mot. at 11.) The Plaintiff argues that this complaint is not subject to a *Daubert* attack. Furthermore, according to the Plaintiff, Mr. Mills did consider the 2012 survey in his report and used its results in addition to the results of the 2015 conjoint survey.

#### 2. Court's Analysis

The Court believes that this issue goes to the weight of the evidence, not its admissibility. The Defendants neither challenge the methodology of the 2015 (or 2012) survey, nor challenge the reliability of either survey's results. Thus, even if Mills only relied on one survey to the

6

exclusion of the other, this issue goes to weight, not admissibility. Further, the Court notes that Mr. Mills did not rely on one survey to the exclusion of the other, and in fact, his report shows that he did consider aspects of the 2012 survey. (Resp. at 11, citing to Exh. A ¶ 213.) All other arguments raised by the Defendants are rejected.

## CONCLUSION

Consistent with the opinion above, the Court **GRANTS-IN-PART** the Defendants' request regarding the entire market value rule, in that Plaintiff's expert is precluded from testifying about the overall revenue of phone sales.

All other requests for exclusion contained in the motion cited above are **DENIED** and rejected, as they are either unfounded or go to the weight of the evidence, not its admissibility. The Court finds that these areas of Mr. Mills' testimony regarding which this motion is denied can be fairly and effectively addressed through vigorous cross-examination and should not be summarily excluded by the Court.

**So Ordered and Signed on this**

**Oct 5, 2015**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE